Tompkins, J.,
delivered the opinion of the Court.
Lewis brought his action of trover against Davis in the Circuit Court of Randolph county. Judgment being there rendered for the defendant, the plaintiff sued out his writ of error to reverse that judgment. From the evidence saved on the trial of the cause, we learn that Lewis, the plaintiff below, and the plaintiff also in error, intermarried with Susannah Drinkard, the widow of Francis Drinkard, in April, 1830 : that Francis Drinkard died some time in August, 1825, leaving a will by which it was provided that after paying all his debts, his wife Susannah should have, use and enjoy all of his estate, real and personal, for and during her life or widowhood, and that at her death or marriage, all of his estate, both real and persorial, that might then be in existence, be sold, and the proceeds of the sale be equally divided amongst his children : that in September, 1830, the Court appointed the defendant in this action executor of the said will, revoking at the same time, letters of administration before that time granted to the plaintiff. The property sued for was the increase of the stock of horses, cows, hogs, &c., of the late Francis Drinkard. The Circuit Court instructed the jury that the widow, was not, by the will entitled to hold the increase of such stock after her marriage. The counsel for the plaintiff relies on 2 Kent’s Com., 294, and authorities there cited, also 1 Haywood, 235. Kent, after the writers on the civil law, says that the rule is, that the increase of animals goes to the person holding a particular estate in such animals, and that by means of Bracton, the rules governing the light of all which one’s own property produces, have been introduced into the common law of England, and doubtless (he continues,) they now pervade these United States. The fruits of the earth produced naturally or by human industry, the increase of animals, &c., are all embraced by this definition, viz : the produce of one’s own properly. The Roman law, he observes, and the civil code of Louisana, make a distinction in respect to the offspring of slaves. Haywood, vol. 1, page 235 of his North Carolina Reports, speaking of the decision of the Court in the case of Glasgow and Flowers, viz: that the increase of a female slave, during the particular estate, wentto the remainder man, says it is not certainly known why this opinion was first entertained in this country, since the rule with respect to all other animals is different, even in this State ; for if other animals be leased for years and breed in the mean time, the lessee shall have the young as a part of the use; and he then cites authorities. Under the same head he says, that the'rule concerning the increase of slaves, as above stated, is not so generally adopted ; for in Maryland it is settled law, that negro children born of a mother given to A, for life, and after his death to B, in the lifetime of A, do belong to A, unless the increase are also given over by express words, On the other hand, Roberts on Wills, *99 Vol. 1, p. 380, says, it may be a question whether the legatee for life, (of live stock,) he not bound to keep up the stock for the benefit of his successor in interest, subject to the reasonable construction and use of the produce. Without such a rule as this suggested by the author last cited, it is very true that the old stock would in a few years be extinct. But we consider the law well established, that the increase belongs to the owner of a particular estate, and such being the law, it does not belong to this Court to look to the consequences. Whether the testator knew the law or not is quite immaterial. AYe must construe his will as if he knew it; and if we consider that in this country, men do not generally hold more of such property than is necessary to the comfortable subsistence of the family, the estate given by this will to the wife may not be worth as much as what the law would have given her, had she claimed her legal allowance. It seems to this Court then, that the Circuit Court erred in instructing the jury, that the widow was not, by the will, entitled to hold the increase of the stock.
Judgment is therefore reversed, and the cause remanded for further trial.