HENRY D. HALL, Administrator, in equity, vs. JOHN H. OTIS and others.

Androscoggin.    Opinion August 4, 1880.

*Will — construction of.  Life estate.*

The testator in his will gave his estate to his wife, during her life, to hold and use the same to her benefit "the same as if absolutely hers," and at her death whatever was left to be divided equally among the surviving brothers and sisters of the testator, and added "I wish it distinctly understood that I place no restriction upon my said wife in regard to her use of my estate, desiring and intending that she shall use and expend every dollar of the same, if necessary, for her care, comfort or support." *Held,* that the will secures to the surviving brothers and sisters of the testator all that was left of his estate at the decease of his widow.

BILL IN EQUITY, to obtain a construction of the will of Daniel E. Hall, and to obtain property claimed to belong to that estate.

(Will.)

"Know all men by these presents, that I, Daniel E. Hall, of Auburn, county of Androscoggin and State of Maine, do hereby make, publish, and declare this my last will and testament:

"First. I give and bequeath unto Emeline Annie Hall, daughter of my brother Ivory F. Hall, the sum of fifty dollars, if she be living at the time of my decease.

"Second. I give and bequeath unto the town of Kenduskeag, in the county of Penobscot, the sum of three hundred dollars, in trust for the following purposes, viz: to improve and keep in repair my burial lot in the cemetery near the village of said

Kenduskeag. It is my direction that the income of said three hundred dollars be applied each year for said care and improvement by the municipal officers of said town, and if any part of said three hundred dollars is needed therefor more than the income thereof, then said officers are authorized to use and apply such amount as they deem necessary.

"Third. I give and bequeath all the residue and remainder of my estate both real and personal, including all moneys that may be received upon my policy of insurance upon my life, unto my beloved wife, Annie E. Hall, during her life. It is my intention and desire that said Annie E. Hall, shall hold and use to her benefit all the property, both real and personal, owned by me at the time of my decease, during her life, the same as if absolutely hers, and at her death whatever may be left, I wish equally divided among the survivors of my brothers and sisters. To avoid all contentions and disputes, it is my request and direction that said Annie E. Hall shall, immediately upon my decease, by will, devise and direct that such portion of said estate as shall be left at her decease be divided between the survivors of my brothers and sisters according to my intention as expressed in this will. I wish it distinctly understood that I place no restriction upon my said wife in regard to her use of my said estate, desiring and intending that she shall use and expend every dollar of the same, if necessary, for her care, comfort, or support.

" Fourth. The first and second clauses of this will are not to be operative unless my estate shall amount to at least ten thousand dollars ($10,000).

"Fifth. I hereby constitute and appoint my said wife, Annie E. Hall, sole executrix of this will, without being required to give bond."

Duly signed, &c., August 31, 1874.

On the fifth day of September, 1875, Daniel E. Hall died, and his will was duly probated and allowed on the third Tuesday of October, 1875, and letters were issued to Annie E. Hall as executrix. Annie E. Hall died January 27, 1876, and the

plaintiff on the third Tuesday of March, 1876, was duly appointed administrator on the estate of Daniel E. Hall with the will annexed.

Will of Annie E. Hall.—"I, Annie E. Hall of Auburn, county of Androscoggin and State of Maine, do hereby make, publish and declare this my last will and testament as follows, to wit:"

[After giving directions as to the interment of her remains and the removal of those of her husband and the erection of a monument, and making bequests of specific articles of apparel, furniture, &c.]

"Fifth. All the residue and remainder of my estate of whatever name and nature not hereinafter disposed of, together with such portion of the estate bequeathed to me by my said husband, as may remain unexpended by me for my support, or by my said executor in paying my debts, funeral expenses and other charges hereinbefore provided for, I hereby give, bequeath and devise as follows, viz: One-third part thereof to the brothers and sisters of my said deceased husband who may be living at time of my decease, in equal proportions; one-third part thereof less the sum of six hundred dollars, to my brother Samuel F. Clark, if living; otherwise to his heirs; and the other third part, together with the six hundred dollars before named, as taken from the third given my said brother, I give and bequeath unto said Martha Jane Clark in accordance with my promise hereinbefore mentioned.

"Sixth. I hereby constitute and appoint John H. Otis of Auburn, my sole executor of this will.

"Witness my hand this ninth day of December, A. D. 1875.

ANNIE E. HALL."

This will was duly probated and allowed on the third Tuesday of March, 1876, and letters issued to the defendant, Otis, as executor.

*Pulsifer, Bolster & Hosley,* for the plaintiff, cited: *Shaw* v. *Hussey,* 41 Maine, 495; *Hall* v. *Preble,* 68 Maine, 100; Redfield on Wills, part 2. c. 13, § 6.

*Nahum Morrill*, for John H. Otis and Martha J. Clark, two of the defendants.

The plaintiff has set forth in his bill that said Otis is executor of the last will and testament of Annie E. Hall, the sole legatee, as we contend the case shows, in the will of Daniel E. Hall. We claim, that having given bond, if the plaintiff has any claim against him for the property alleged to be in his, said Otis' possession, if not surrendered on demand, the value thereof can be recovered by a suit at law on said bond, and further, jurisdiction in equity is not conferred upon this court by R. S., c. 77, § 5, in matters alleged in said bill and demurrer, as is apparent on inspection.

When there is a plain, adequate and sufficient remedy at law, a bill in equity cannot be sustained for relief or discovery. Eastman's Dig. Equity, 1, § § 7, 9.

By the terms of the will, Annie E. Hall, the wife of said testator, took a life estate in all his property, as held by this court, in *Hall et als.* v. *Preble*, 68 Maine, 100.

The language of the will gave Mrs. Hall the power to appropriate every dollar of the testator's estate for her care, comfort and support.

If that is so, then no valid trust was created by the will; for it is laid down as a rule of law that legacies of what shall be left at the decease of a prior legatee, when the estate is indeterminate, and when the prior legatee has the power to exhaust the whole, are not sufficiently certain to create a valid trust. Red. on Wills, part. 1, c. 11, § § 1, 18, 19; 2 Story Eq. Juris. (12th ed.) § 1070; 2 Washburn R. P. (4th ed.) 505, 506.

Mere precatory words of desire or recommendation will not in general, convert the devise into a trust unless it appears affirmatively that they were intended to be imperative. 2 Washburn R. P. (4th ed.) 505, 506.

Any words by which it is expressed or from which it may be implied that the first taker may apply any part of the subject to his own use, are held to prevent the subject of the gift from being certain. Red. on Wills, part 1, c. 11, § § 2, 3; 2 Story Eq. Juris. (12th ed.) § 1073, and cases there cited.

A gift of what shall be left or what shall remain, preceded by a power of disposition or appropriation reserved to the trustee, naturally refers to what shall be unappointed and unappropriated by the trustee under the power reserved in her. Red. on Wills, part 1, c. 11, § § 1, 21.

The construction here placed upon the testator's will as it regards the rights of Annie E. Hall by virtue thereof, and her power over the property bequeathed to her, seem to be in acordance with the opinion of this court in the case of *Hall et als.* v. *Preble*, 68 Maine, 100.

WALTON, J. It is the opinion of the court that the will of Daniel E. Hall secures to his surviving brothers and sisters all that was left of his estate at the decease of his widow, Annie E. Hall. That such was the intention of the testator will not admit of doubt; for while he was careful to secure to his widow the right to use so much of his estate as she should deem necessary for her comfort and support, he was equally careful to say that it was his wish that whatever should be left at her death should be equally divided among the survivors of his brothers and sisters. We think effect must be given to this clearly expressed intention of the testator, and that his administrator is entitled to the possession of all that portion of Daniel E. Hall's estate (including the proceeds of property sold by his widow,) which had not been expended at the time of her decease.

> *Decree accordingly. No costs for respondents. Plaintiff's costs to be charged in his administration account, and audited by the judge of probate.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.