RICHARD STUART, Executor of the will of DANIEL C. BERRY, and another, in equity, *vs.* ELLIOT WALKER, Administrator on the estate of MARY STRAW, and others.

Penobscot. Opinion March 9, 1881.

*Will. Devise. Life-estate — with power of disposal.*

Where a testator devises an estate in general terms, without specifying the nature of the estate, and gives the devisee a power of disposition of the property, providing a limitation over; if the power of disposal is unconditional, the devisee takes a fee; if conditioned upon some certain event or purpose, he takes a life estate only.

Where an estate is devised to a person expressly for life, with a power of disposal qualified or unqualified, the devisee takes an estate for life only, with a power to dispose of the reversion; the express limitation for life, controls the operation of the power, and prevents it from enlarging the estate to a fee; to this rule, however, there is an exception sometimes, in the case of a bequest of perishable things, of which the use consists in the consumption.

The testator made a devise and bequest, (discarding redundant words) running thus : "I devise and bequeath to my wife the rest of my estate, real and personal, with the right to use, sell or otherwise dispose of the same, and the income and increase thereof, according to her own will and pleasure, during her lifetime. And so much of said estate, with the increase, income and proceeds thereof as may remain unexpended and undisposed of by her at her decease, I give," etc.

*Held:* This devise gives, in express terms, an estate to the wife, limited to her lifetime, not to be extended by any implication arising from the power of disposal annexed; the words, 'during her lifetime,' qualifying all the previous clauses of the devise.

*Held,* also: That the estate devised, with its income, increase and proceeds, real and personal, into whatever form converted or appropriated, so far as the same can be traced and identified, which remained unexpended by the wife at her death, should be surrendered, conveyed and paid over to those persons who were secondarily entitled to the estate under the will.

DEMURRER to bill in equity.

The bill sets out that Daniel C. Berry made a will September 15, 1873, containing the devises stated in the opinion. After his death, his will was duly probated and allowed, and the plaintiffs and the widow, Mary Berry, were appointed executors at the November term, 1873. In 1875, Mary Berry married Love Straw, with whom she lived until July 5, 1878, when she died intestate and childless, and Elliot Walker was duly appointed administrator on her estate. The other defendants are the surviving husband and heirs of Mary Straw.

And the bill further shows that the questions and controversies which have arisen are mainly, if not wholly, embraced in the following propositions :

*First.* What was the nature of the estate which Mary Berry took under the will of Daniel C. Berry?

*Second.* Who are entitled under the provisions of said will and acts of said Mary Straw and facts above stated, to have and hold the estate, real and personal, as above named. Whether the heirs and representatives of said Mary Straw, or the heirs of said Frances L. Sargent and devisees, under fourth clause of said will?

*Third.* To whom is the administrator of the estate of Mary Straw to account for personal property remaining in his hands upon settlement of his account?

*Wilson and Woodward,* for the plaintiffs, after commenting upon, *Ramsdell* v. *Ramsdell,* 21 Maine, 288 ; *Pickering* v. *Langdon,* 22 Maine, 413 ; *Constantine* v. *Constantine,* 6 Ves. 101 ; *Jones* v. *Bacon,* 68 Maine, 34 ; *Jones* v. *Leeman,* 69

Maine, 489 ; *Bacon* v. *Woodward,* 12 Gray, 376 ; *Gifford* v. *Choate,* 100 Mass. 343 ; *Hale* v. *Marsh, Id.* 468, cited : *Shaw* v. *Hussey,* 41 Maine, 495 ; *Fox* v. *Rumery,* 68 Maine, 121 ; *Warren* v. *Webb, Idem,* 133 ; *Smith* v. *Snow,* 123 Mass. 323 ; *Burleigh* v. *Clough,* 52 N. H. 267 ; *Jackson* v. *Robins,* 16 Johns. 537 ; *Smith* v. *Bell,* 6 Pet. 68 ; 4 Kent's Com. Holmes' ed. 202 ; *Blanchard* v. *Blanchard,* 1 Allen, 223 ; *LeMarchant* v. *LeMarchant,* 18 L. R. Eq. Cas. 414 ; R. S., c. 74, § 16.

*Chas. P. Stetson* and *E. Walker,* for the defendants.

It is well settled that when an estate is devised with an absolute power of disposal, the devise over of what may remain is void. *Jones* v. *Bacon,* 68 Maine, 34.

The exception to this rule is, "where a life-estate only is clearly given to the first taker, with an express power on a certain event or for a certain purpose to dispose of the property, the life-estate is not by such a power enlarged to a fee or absolute right, and the devise over will be good."

We think that a careful examination of the will, will show that Mary Berry took an estate in fee in the real property, and the personal, absolutely ; that the devise over is inoperative, and that our case is like the cases of *Ramsdell* v. *Ramsdell,* 21 Maine, 288 ; *Jones* v. *Bacon,* and the cases in the 100 Mass. there cited. *Crossman* v. *Field,* 119 Mass. 170 ; *Gleason* v. *Fayerweather,* 4 Gray, 348.

He gives to her unlimited power to dispose of same, power without restraint, and freedom of choice and action without qualification, and makes no distinction between the real and personal estate. There could be no more complete ownership of property, than what results from undisturbed and undisputed possession united with an acknowledged and undisputed power and right of its absolute disposal. *Bacon* v. *Woodward,* 12 Gray, 376.

Do the words, "during her life," restrict her estate to a life-estate ?

The test usually applied in such cases is whether or not the first taker has the right and absolute power of disposal. If he has, it is construed to be an unqualified gift to him, and the devise over will be void. *Parnell* v. *Parnell,* L. R. 9 Ch. Div.

·96 ; *Breton* v. *Mockett, Idem,* 95 ; 2 Washburn, 670 ; *Second Reformed Church* v. *Disbrow,* 52 Penn. St. 219 ; *Stevens* v. *Winship,* 1 Pick. 318 ; *Hale* v. *Marsh,* 100 Mass. ; *Gleason* v. *Fayerweather,* 4 Gray, 348 ; *Ramsdell* v. *Ramsdell,* 21 Maine. See also, *Fox* v. *Rumery,* 68 Maine, page 128 ; and *Watkins* v. *Watkins,* 3 Mc. & G. 622 ; *Perry* v. *Merritt,* L. R. 18 Eq. · Cases, 152 ; *Henderson* v. *Cross,* 29 Beas. 216.

The case of *Burleigh* v. *Clough,* 52 N. H. 267, which the complainants rely upon, differs very materially in the language of the will from our case ; there "the use and disposal", only, for .life of the wife, is given.

In *Smith* v. *Bell,* 6 Peters, 68, (commented on in *Gifford* v. *Choate,* 100 Mass. page 346,) and in *Brant* v. *Virginia Coal & Iron Co.* 3 Otto, 326, it was held that the right of disposal · only extended to the life-estate.

PETERS, J.  A testator makes the following devise :  "I give, devise, and bequeath unto my wife, Mary Berry, all the rest and : residue of my estate, real and personal, of what kind soever and ·wherever situate, with the right to use, occupy, lease, exchange, : sell or otherwise dispose of the same, and the increase and income thereof, according to her own will and pleasure during her lifetime.  Meaning and intending hereby that the said Mary Berry ·during her lifetime shall have the absolute right, power, and authority to use and dispose of, by sale or otherwise, all said ·devised estate, real and personal, for her own support, and for · any and all other purposes to which she may choose to appro- ¡priate it.

"And so much of said estate so devised to my said wife, together ·with the increase, income and proceeds thereof, as may remain :unexpended and undisposed of by her at her decease, I give, devise, and bequeath unto the said Frances L. Sargent, her heirs .and assigns forever, if she shall be then living ; and if not living, then to such children or child of said Frances as may be living :at that time."

Did Mary Berry take a fee simple, or only a life-estate, in the property devised?

The defendants contend that, where a life-estate is devised, whether impliedly or expressly given, with an unqualified power

of disposal annexed, a gift or limitation over is of no effect. That is true where the life-estate is created by *implication*, but not true where it is *expressly* created in direct and positive terms.

A life-estate by implication usually arises, where a donor devises property generally, without any specification of the quantity of interest, and adds some power of disposition of the property, and provides a remainder. For instance : A gives an estate to B, with a power of disposal annexed, and a gift over to C. Here is an association of purposes and intentions, divisible into three parts. What does A mean by all of them combined? What is implied by them?

A first gives the estate to B in general terms. Stopping there, by our revised statutes, he gives an estate of inheritance. But an estate in fee first described, may be cut down to a lesser estate by subsequent provisions.

A power of disposal is annexed by A to his bequest to B. The effect of this depends upon whether it is a qualified or an unqualified power. If it is an absolute and unqualified power, it really neither takes from, nor adds to, the amount of the estate previously given, though there be a gift over. It would be merely equivalent to adding words of inheritance, making the gift to B and his heirs and assigns. But those words were implied before. The law presumes in such case, that a testator superadds the unlimited power of disposal, to make his intention as emphatic and unequivocal as possible. The gift over in such case, is regarded as repugnant to and controlled by prior provisions. There is nothing to go over. A man cannot give the same thing twice. Having given it once, it is not his to give again. Such a devise comes within the principle of the class of cases where a testator gives an estate of inheritance, and then undertakes to provide that the devisee shall not alien the property; or that it shall not be taken for his debts; or that he shall dispose of it in some particular way indicated; provisions which are powerless to control the prior gift.

But where the power of disposal is not an absolute power, but a qualified one, conditioned upon some certain event or purpose, and there is a remainder or devise over, then the words last used:

do restrict and limit the words first used, and have the force and efficacy to reduce what was apparently an estate in fee to an estate for life only. Thus: A gives an estate to B, with the right to dispose of as much of it, in his lifetime, as he may need for his support, and if anything remains unexpended at B's death, the balance to go to C. Here there may be something to go over. B is to dispose of the estate only for certain specified purposes. He can defeat the remainder, only by an execution of the power. The clear implication of such a bequest, taking all its parts together, is that B is to possess a life-estate. Here a life-estate is implied, and is not expressly created.

But A makes this devise: "I give to B, my estate to have and hold during his lifetime and no longer, with the right to dispose of all the same during his lifetime, if he pleases to do so, and any unexpended balance I give to C." Here a life-estate is *expressly* created, instead of arising by *implication*. Here, an absolute and unqualified power of disposal annexed, does not enlarge the estate to a fee. Where an estate is expressed, it need not be implied. An absolute control does not amount in such case to an absolute ownership. There is no conflict between the three parts of such a devise. Each clause in the combination may be literally executed. They are in no wise inconsistent with each other.

An examination of the cases invoked to the aid of the defendants, shows that all or nearly all of them pertain to life-estates by implication, and are mostly instances where the purpose was, not to extend a life-estate, but to reduce what was apparently an estate in fee. In some of the cases cited, may be found general expressions appropriate enough in the connection where used, which would be misleading when applied to devises such as the one now presented.

The English cases cited fail to sustain the defendants' view. As favorable a case as any upon their briefs, is *Parnell* v. *Parnell*, L. R. 9 Ch. Div. 96. There the words of the testator were: "I give and devise to my wife, my real and personal property for her sole use and benefit. It is my wish that whatever property my wife might possess at her death, be equally

divided among my children." The question was, whether the property was affected by a trust for the benefit of the children, which would debar the widow, then living, from disposing of it. The court replied that there was no definite gift over and no trust. It will be noticed that the gift was absolute, and not in any express words limited to an estate for life. *Breton* v. *Mockett, Id.* 95, is also much relied upon by the defendants. In that case it was declared that a gift for life, to the wife of the giver, of farming stock and materials, she not to be liable for diminution or depreciation, gave an absolute property in those articles which *ipso usu consumuntur.* The question was, whether the widow was entitled to the proceeds on a sale of the articles. But that case is an exception to the general rule. "There is an exception to the rule in case of the bequest for life of specific things, such as corn, hay, and fruits, of which the use consists in the consumption. Such a gift is in most cases, of necessity, a gift of the absolute property," 1 Jarman on Wills, 5th ed. (Bigelow) p. *879, and cases in note. In *Merrill* v. *Emery,* 10 Pick. p. 512, it is said, "that where the use of things is given, which are necessarily consumed by the use, the gift is absolute, and the limitation over is void." It is plain enough that the principle of those cases does not apply to the case at bar.

Nor do our own cases support the position advocated by the defendants. In no case in this State has it been directly or indirectly held that, where there is a devise for life in express terms, a power of disposal annexed, can enlarge it to a fee. In most instances, the question involved has been whether the gift to the primary legatee was absolute or qualified, in view of the ambiguous or contradictory expressions used; the decisions being based upon the supposed intention of the testator as collected from the whole will.

The only point necessarily decided in *Ramsdell* v. *Ramsdell,* 21 Maine, 288, was, that the title to property passed to a purchaser, where the donee had sold the property under a power of disposal and converted the proceeds of the same to his own use. The opinion generalizes considerably upon the doctrine of the books upon this subject-matter, and some of its general state-

ments would be more appropriate to the facts of that case than to this. Still, the case demonstrates that the learned jurist who pronounced the judgment in that case, had in view an estate for life, created by implication, and not one expressly created. The distinction set up here was clearly acknowledged there. The household goods were, in that case, decided to be the property of Sarah Crumpton only to the extent of a life-estate therein, because expressly so declared in the will; and a different rule was applied to the other property devised, for the reason that the donee's interest in such other property was not limited to a life-estate by any express words in the will. It is there said: "It cannot be reasonably supposed that it could be the intention of the testator to give only an estate for life, unless there be words clearly declaring such an intention."

That the general principle enunciated in *Ramsdell* v. *Ramsdell*, was intended to apply only to a life-estate created by implication, is made more manifest in *Pickering* v. *Langdon*, 22 Maine, 413; in which the court expressed its inability to extend into a fee an estate which was by the testator expressly described as being for a lifetime. And it is in the latter case said, "The general intent to dispose of the whole of the property, cannot, therefore, authorize the court to destroy or disregard the other and different purpose to give to Paul and his wife, estates for life." In *McLellan* v. *Turner*, 15 Maine, 436, the same judge who delivered the judgments in the two cases before named, said: "If it were admitted that a power of disposal existed, she would not take a fee, there being an express devise to her for life."

In *Jones* v. *Bacon*, 68 Maine, 34, it was held that an absolute power of disposal in the first taker, renders a subsequent limitation repugnant and void. But that was a case where the contention was, whether the first taker had or not an estate for life by an implication from all parts of the will construed together. The language of the will there was, "As to the residue of my estate, I give and bequeath the same to my beloved wife." These are words of inheritance. It would have been a different thing altogether, had the testator said, "I give and bequeath the same to my wife *for her lifetime.*" In that case the bequest was in general terms, unqualified, except by the limitation over; while

in the case at bar, the bequest is for a lifetime only. *Jones* v. *Bacon*, falls within the rule laid down in *Ramsdell* v. *Ramsdell*, *supra;* although both cases are in conflict with the case of *Smith* v. *Bell*, 6 Pet. 68, a case differing somewhat from many of the authorities. See *Gifford* v. *Choate*, 100 Mass. at page 346.

In *Shaw* v. *Hussey*, 41 Maine, 495, the doctrine is truly stated; that a devise of land to another, generally or indefinitely, with a power of disposing of it, amounts to a devise in fee; but that, where a testator gives to the first taker an estate for life, only by certain and express terms, the fee does not vest in the legatee. Other cases clearly illustrate the same rule. *Fox* v. *Rumery*, 68 Maine, 121; *Warren* v. *Webb*, Id. 133; *Jones* v. *Leeman*, 69 Maine, 489; *Starr* v. *McEwan*, Id. 334. The question is most elaborately and exhaustively examined in cases in New York and New Hampshire, a reference to which saves the necessity of citing and comparing a long list of authorities. *Burleigh* v. *Clough*, 52 N. H. 267; *Jackson* v. *Robins*, 16 Johns. 537. Some of the later English chancery cases cast light upon the question. *In re Stringer's Estate*, L. R. 6 Chan. Div. 1; *In re Hutchinson*, L. R. 8 Chan. Div. 540; *White* v. *Hight*, L. R. 12 Chan. Div. 751. The Massachusetts cases, when correctly understood, are not in opposition to the doctrine. Their latest case affirms it. *Ayer* v. *Ayer*, 128 Mass. 575.

The text books sustain the doctrine fully. Chancellor Kent says : "If an estate be given to a person generally or indefinitely, with a power of deposition, it carries a fee; unless the testator gives to the first taker an estate for life only, and annexes a power of disposition of the reversion. In that case, the express limitation for life will control the operation of the power, and prevent it from enlarging the estate to a fee." 4 Kent's Com. *535.

Cruise says, "Although a devise to a person generally, with a power to give and dispose of the estate as he pleases, creates an estate in fee simple; yet where an estate is devised expressly for life, with a power of disposal, the devisee will only take an estate for life, with a power to dispose of the reversion." Cruise Dig. tit. 38 c. 13, § 5.

Bacon says, that "devises by implication are allowed where the intention may be presumed, though it be not expressed in plain words; yet there is no room for such construction where a devisee has an estate given him by express words in the will; for that would be to overrule the plain meaning of the testator against his own words." (Abr. Leg. and Dev. G.)

In 1 Roper's Leg. *643, it is said: "Where a particular estate is limited in the instrument, followed by a declaration that the legatee may dispose of the fund, he will not take a beneficial interest in the capital. He will have a mere power to dispose of it, and no more; because, where a limited interest is expressly given, its enlargement by implication will not be permitted."

Jarman says: "If there is a distinct, positive gift (to the primary legatee), and the intention is express, nothing that afterwards follows can affect the construction of the positive gift." 1 Jar. Wills, 5th ed. (Bigelow) *873, and cases in notes. See *Ward* v. *Emery*, 1 Curtis, 425.

A doubt is raised by the defendants, whether, in the present case, there is a devise for life by express limitation. Nothing could be much plainer; all her rights and powers are limited by her duration of life. The words "during her lifetime" qualify all preceding words in that clause of the will; affecting both the quantum of interest in the estate and the power of disposal. Any other construction would expunge from the will most of the provisions in it. The testator gives a fee in other instances in apt and proper terms, whenever he designs to do so. He appoints executors; makes careful provisions appertaining to the expected remainder; significant evidence of the intention. An estate for life is not for more than life, but for life only. The maxim *expressum facit cessare tacitum* governs.

We have no doubt that the estate devised to the wife, with all the income, increase and proceeds of it, real and personal, into whatever form appropriated or converted, so far as the same can be traced and identified, which remained unexpended at her death, should be surrendered, paid over and applied according to the prayer of the bill. That the same rule applies to the proceeds of the property sold by the widow, and not expended at the time

of her death, as to the original property itself, is determined in *Hall* v. *Otis*, 71 Maine 326.

> *Demurrer overruled. Bill sustained; with decree as indicated in opinion; without costs.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.