RITTGERS v. RITTGERS ET AL.

1. **Will**: CONSTRUCTION OF: TRUST: DOWER. Where a decedent by will. bequeathed all his property to his wife, to control the same and have all the profits arising therefrom, " for the purpose of raising, clothing, and educating " their children, until such time as the youngest child should attain a specified age, when the property was to be divided, it was held that under the will the widow took the property in trust, for the sole benefit of the children, and that she was entitled to have her distributive share set apart to her at once, under the statute, without relinquishing her trust under the will as to the remaining two-thirds.

*Appeal from Polk Circuit Court.*

FRIDAY, JUNE 10.

JACOB B. RITTGERS died on the seventeenth day of December, 1879, leaving the plaintiff, his widow, and nineteen children, six of whom were minors. On the third day of February, 1880, the last will of Jacob Rittgers was duly admitted

to probate. On the sixth of March, 1880, Catherine Rittgers filed her petition for assignment of dower, stating that although some provision is made for her in the will in lieu of dower, yet, so far as her interest in the real estate as widow is concerned, she elects to insist upon the interest given her, in her late husband's estate, by the laws of the State of Iowa. The court found that the plaintiff is entitled to have her distributive share in the real estate assigned. The adult defendants appeal.

*St. John & Williams*, for the plaintiff.

*Bowen & Leavens*, for the appellants.

*W. S. Sickmon*, guardian *ad litem*, for minor heirs.

DAY, J. The provisions of the will involved in this case are as follows:

"I bequeath to my wife, Catherine Rittgers, all of the real and personal property, moneys, and credits of which I may have at the time of my decease, to control the same and to have all the profits arising therefrom, for the purpose of raising, clothing, and educating the children born to us, until such time that Mary, our youngest child, shall attain the age of fifteen years, and then at that time, or as soon thereafter as can conveniently be done, of the property belonging to my estate, both real and personal, be sold and the proceeds thereof be equally divided between my wife, Catharine Rittgers, and my children who shall survive me, and of any children who shall have died between the time of my decease and the time of such division or distribution, to be entitled to such share or shares as their respective ancestors would have been entitled to receive if then living, and the share of my real and personal estate bequeathed to my wife to be in lieu of her dower."

1. WILL: construction of: trust: dower.

As matter of law the court found:

"1. That the said Catharine Rittgers is not bound to re-

Rittgers v. Rittgers.

linquish the possession and control of the real and personal property of the decedent, prior to the time that Mary, the youngest daughter, shall attain the age of fifteen years, before she can renounce the provision made for her in the will, and elect to take her share under the statute; but that she has a right to hold the possession and control such property till the said Mary attains the age of fifteen years, in trust for the raising, support and education of the said minor children.

" 2. That the said Catharine Rittgers is entitled to have one-third in value of all said real estate set apart to her in fee.

" 3. That the remaining two-thirds of said real estate, and the profits therefrom, remain in the possession and control of the said Catharine Rittgers, in trust, till the said Mary attain the age of fifteen years."

We think the court placed the proper construction upon the terms of the will. It does not devise the profits of the real and personal property to the widow absolutely, but for a particular and specified purpose. The devise is " for the purpose of raising, clothing, and educating the children born to us." The children are the beneficiaries. The widow is the mere trustee for the purpose of executing the trust. It is clear to us that the children referred to have a right, under the provisions of this will, to insist that all the profits arising from the property in question shall be applied to their raising, clothing, and education. The widow could not waive the right to have the profits so applied, and hence this provision in the will is not inconsistent with her right to have her distributive share assigned under the law. Appellants concede if the use and profits of all the real estate and personal property of the decedent, between the time of his death and the time when the youngest child, Mary, shall become fifteen years of age, are, by the terms of the will, given to the widow, in trust, and she can have no personal advantage therefrom, that she is entitled to have one-third

of the real estate set off to her, without relinquishing the trust. It is claimed, however, that the bequest of all the property for the term mentioned, and of the use and profits therefrom, is to the widow individually, and that she is to have the benefits thereof. This construction does violence to the language of the will, and ignores the portion. which declares the purpose of the bequest.

It is claimed that the terms of the will are too indefinite and uncertain to create or be construed into a trust. Without elaborating this point we are of opinion that the will is not so indefinite or uncertain but that it may be enforced. The court properly held, we think, that the beneficiaries of the will are the minor children, yet to be raised, and for whose clothing and education the parents were responsible.

Affirmed.