DAVID A. GORHAM and another, in equity,

*vs.* ·

SIMON S. BILLINGS and another.

Oxford.    June 7, 1885.

*Will.    Life-estate.*

The will of a testator, by apt and proper expression gave to his widow a life-estate in all the property of which he died seized. It gave her full power to consume and dispose of so much thereof as her comfort and convenience might require. *Held;*

1. The income and increase of the estate became absolutely her own, but the estate did not vest in her, beyond the uses and necessities mentioned in the will. All that remained of it at her decease, whether in the same specific form, as she received it, or in any new or changed aspect, resulting from sale, exchange or re-investment, remains a constituent part of the testator's estate and should be distributed according to his will. Those articles suitable for consumption that the widow received and consumed, either by her own fire, or at her table, or as food for the stock were disposed of by her as she had a right to do by the terms of the will. She is not chargeable therefor and like articles cannot be retained from her estate in their place and stead.

2. Whatever debts of the testator or charges of his funeral and burial his widow paid from her own means, should be allowed from his estate. Her own debts should be paid from her estate.

BILL IN EQUITY.    Heard on bill, answer and proof.

The bill is by the executors and residuary legatees and devisees of Timothy W. Gorham, late of Norway, deceased, testate, against the administrator of the estate of Emily C. Gorham, widow of Timothy W. Gorham, she having deceased.

The bill requested the instructions of the court:

"1. Whether any, and what debts contracted by said Emily shall be paid by said executors.

"2. Whether any, and if so what chattels or property gained by purchase with, or exchange for, the profits, income or proceeds of said estate or any part thereof, has become the property of said Emily or her estate.

"3. In what manner and methods your orators, said executors, shall proceed to fulfil and discharge their trust."

A copy of the material portion of the will and other essential facts are stated in the opinion.

*Strout and Holmes*, and *George A. Wilson*, for the plaintiffs, cited: *Nason* v. *First Church*, 66 Maine, 100; *Cotton* v. *Smithwick*, 66 Maine, 360; 1 Redf. Wills, 496; *Deering* v. *Adams*, 37 Maine, 264; *Shaw* v. *Hussey*, 41 Maine, 495; *Morton* v. *Barrett*, 22 Maine, 257; *Quinby* v. *Frost*, 61 Maine, 77; *Copeland* v. *Barron*, 72 Maine, 211; R. S., c. 64, § § 42, 47; *Hall* v. *Otis*, 71 Maine, 330; *Stuart* v. *Walker*, 72 Maine, 154.

*Enoch Foster* and *Addison E. Herrick*, for the defendants, cited: 4 Kent's Com. *73 (2); Taylor's Land. and Ten. § § 534, 535; 1 Wash. R. E. 102 (8), 106 (21), *91, § 13; *Dennett* v. *Hopkinson*, 63 Maine, 353; 1 Wms. Ex'rs, *710; Bouvier's Inst. Art. 4, § 1719; Broom's Legal Maxims, *360, *361; *Miller* v. *Delamater*, 12 Wend. 433; 3 Redf. Wills, *154 (3); *Hecht* v. *Dittman*, (note) 20 Law, Reg. 617; *Rand* v. *Hubbell*, 115 Mass. 473; Ferrard, Law of Fixtures, *133; *Jackson* v. *Van Hoesen*, 4 Cow. 325; *Hathorn* v. *Eaton*, 70 Maine, 221; *Warren* v. *Webb*, 68 Maine, 135; *Nason* v. *First Church*, 66 Maine, 105; *Cotton* v. *Smithwick*, 66 Maine, 367; *Burleigh* v. *Clough*, 52 N. H. 267; *Johnson* v. *Battelle*, 125 Mass. 454; *Stuart* v. *Walker*, 72 Maine, 152; *Copeland* v. *Barron*, 72 Maine, 209; *Bamforth* v. *Bamforth*, 123 Mass. 282; *Ayer* v. *Ayer*, 128 Mass. 577; *Healey* v. *Toppan*, 45 N. H. 260; 2 Kent's Com. 353*; *Minot* v. *Paine*, 99 Mass. 108; *Leland* v. *Hayden*, 102 Mass. 550; *Howe* v. *Earl of Dart*, 7 Ves. 137; *Sampson* v. *Randall*, 72

Maine, 112; *Weeks* v. *Weeks*, 5 N. H. 327; *Succession of Alexander*, 18 La. Ann. 337.

HASKELL, J. This cause is reported to the law court to be heard on bill, answer and proofs, wherein the true construction of the will of Timothy W. Gorham is sought.

The will provides, " It is my will that my debts and funeral charges be paid out of my estate."

" I give, bequeath and devise to my beloved wife Emily C. Gorham, the rest and residue of my estate, real, personal and mixed; to have and to hold for and during her natural life, and to use and consume so much of the same as may be requisite for her comfort and convenience, giving her hereby full power and authority to sell, dispose of and convey any, or all of my said estate, as may be most for her comfort and convenience."

" I give and bequeath out of my estate which may remain at the decease of my said wife to each of her brothers J. D. and Simon S. Billings, the sum of two hundred dollars." " The residue and remainder of my estate . . . at the decease of my said wife, I give, bequeath and devise, after the above bequests shall be paid, to my brothers David A. and Benjamin F. and to my sisters Lois A. and Julia A. to be divided among them equally share and share alike. To my other sisters I give nothing."

The testator and his wife at the time of his decease lived upon a small farm, furnished, stocked and equipped as farms of its quality usually are. The farm and its equipments and a small sum of money constituted his entire estate. At his decease the widow received and entered into the possession and enjoyment of the same and held it for about five years until her death, when his executors entered and took possession of the farm and certain of the chattels thereon, including the harvested crops as a part of the testator's estate, and with others of like interest with themselves bring this bill against the administrator of the widow's estate and her heirs, asking a construction of the will and that they be enjoined from disturbing the orators' possession pending this suit.

The will of Timothy W. Gorham, by apt and proper expression, gave to his widow a life estate in all the property of which he died seized. It gave her full power to consume and dispose of so much thereof as her comfort and convenience might require. The income and increase of the estate became absolutely her own; but the estate did not vest in her, beyond the uses and necessities mentioned in the will. All that remained of it at her decease, whether in the same specific form as she received it, or in any new or changed aspect, resulting from sale, exchange or re-investment, remains a constituent part of the testator's estate, and should be distributed according to his will. Those articles suitable for consumption that the widow received and consumed, either by her own fire, or at her table, or as food for the stock, were disposed of by her as she had a right to do by the terms of the will. She is not chargeable therefor, and like articles can not be retained from her estate in their place and stead. Such construction should be given to wills, that the real intention of the testator may prevail. The will, by express terms, creates a life estate, coupled with a power of disposal, and devises the remainder. That passes under the devise. *Hall* v. *Otis*, 71 Maine, 330. Had the will, as in *Stuart* v. *Walker*, 72 Maine, 145, shown an intention of the testator to limit the life estate to both the principal and income, then all that remained of either should go under the devise over, but such is not the terms of the will and the manifest intention of the testator. He was a farmer of small means, and meant to secure to his widow a support suited to her station in life. To this end, he gave her the whole income of his estate, so long as she should live, and fearful lest this should not be sufficient, as he could not foresee the number of her days, and the health and strength she might retain, he gave her authority to consume and dispose of so much of his estate, as necessary to secure the fulfillment of his intentions. His wishes have been accomplished, and whatever remains of the estate that he left, whether in the same form that he left it, or in changed aspect, must be distributed under his will. But whatever income, increase, or profit therefrom, his widow may have saved belonged to her, a reward for her own toil and thrift.

and has been wrongfully withheld from the administrator of her estate. Whatever debts of the testator, or charges of his funeral and burial his widow paid from her own means, should be allowed from his estate. Her own debts should be paid from her estate. All questions submitted germane to the will, have been answered.

> *Decree accordingly to be entered at nisi prius. Defendants to recover costs to be paid from testator's estate.*

Peters, C. J., Walton, Virgin, Libbey and Emery, JJ., concurred.