SUSANNAH CAMPBELL, Appellant, v. GEORGE SANKEY.

**Wills:** CONSTRUCTION: *Election by widow.* Decedent's will pro-
vided that defendant, his son, should have the use of all his
property for the purpose of maintaining his mother during her
natural life, and that after her death defendant should, out of
the estate, pay a certain sum in annual installments to plaintiff,
his sister, the will concluding with the provision that "the re-
mainder of all my property, consisting of real and personal
estate, I give and bequeath unto my son," the defendant. *Held*,
such provisions were inconsistent with the widow's dower
rights, and, she having taken under the will, plaintiff can claim
nothing as her heir.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR,
Judge.

THURSDAY, MAY 16, 1901.

ACTION for partition of real estate formerly belonging
to one James A. Sankey, the father of plaintiff and defend-
ant, and in which plaintiff claims an interest as heir of
Eleanor D. Sankey, her mother, the widow of James A.
Sankey. Decree for defendant. Plaintiff appeals.—*Af-
firmed.*

*Ransier & Everett* for appellant.

*Gibson & Dawson* for appellee.

McCLAIN, J.—Plaintiff and defendant are the sole heirs
of their parents, both of whom are deceased. The will of the
father, who died first, provided that the defendant should
have the use of all his property, real and personal, for the
purpose of maintaining his mother during the term of her
natural life, and that after her death defendant should, out
of the estate, pay a certain sum in annual installments to
plaintiff; and the will concludes with the provision that "the
remainder of all my property, consisting of·real and personal

estate, I give and bequeath unto my son," the defendant. Plaintiff claims that the provisions of the will for the benefit of her mother were not inconsistent with dower right, and that, as an heir of her mother, she is entitled to a share in her mother's dower interest out of her father's estate, and for that purpose she asks partition. Defendant's contention is that the provision made in the will for the widow was inconsistent with her dower right, and that, as she elected to take under the provisions of the will, she had no other interest in the property, and that plaintiff is entitled to claim nothing through her. The question, then, is whether the provisions of the will in favor of Eleanor Sankey were inconsistent with her dower interest; and this question is to be determined under the law as it stood at the time of testator's death, which was prior to the adoption of the present Code, section 3270 of which changes the law as to this matter. By a line of decisions based on the statutes as they stood prior to that change, a life estate in the widow was not inconsistent with her dower interest in fee. *Parker v. Hayden,* 84 Iowa, 494; *Daugherty v. Daugherty,* 69 Iowa, 677; *Hunter v. Hunter,* 95 Iowa, 728; *In re Proctor's Estate,* 103 Iowa, 232; *Rittgers v. Rittgers,* 56 Iowa, 218. We think that even under these decisions the provisions of the will in question were inconsistent with and precluded any dower interest in the widow. The will is unambiguous to the effect that defendant was to have the use "of all the property of testator, real and personal, for the purpose of maintaining his mother, Eleanor Sankey, during the term of said Eleanor Sankey's natural life;" and testator continues, "In any event, I wish my wife, the said Eleanor Sankey, to have support and maintenance out of said property, real and personal, during her said natural life." These provisions indicate an understanding that the widow is to be entirely dependent for her support on the maintenance furnished by defendant, and the entire property is put into defendant's hands during his mother's lifetime, as the source from which this support is to be furnished. The use by defendant of the entire property for the purpose

of furnishing this maintenance and support is inconsistent with a fee-simple estate in one-third of the property in favor of the widow. A trust of the entire property is created in the son for the purpose of raising a fund for the widow's support and use, and this is inconsistent with a dower right in the same property. See *Howard v. Smith,* 78 Iowa, 73. As Eleanor Sankey did not, therefore, have a dower right in her husband's property after accepting the provisions of the will in her behalf, appellant is not entitled to have any portion of the property set aside to her as heir of her mother.—AFFIRMED.