J. C. MILNER, Administrator of the Estate of MARY ELIZA-
BETH WILCOX, Deceased, and A. I. WILCOX, Inter-
vener, Appellants, v. F. W. BROKHAUSEN.

**Estates of decedents:** LIFE ESTATES: INCOME AND INCREASE OF PROP-
ERTY. In the absence of limitation or restriction the income of
property in which a life estate is granted, including the increase
of live stock, is the property of the life tenant rather than that
of the remaindermen.

**Wills:** CONSTRUCTION: INTEREST OF LIFE TENANT. Under a will be-
queathing personal property to a widow for her own personal
use and benefit during life, with full power to expend the whole
of the personal estate and the income from the realty, with
remainder over, there was an absolute gift to the widow of the
entire income, and such of the personal estate as had not been
disposed of by her at the time of her death.

*Appeal from Tama District Court.*—HON. C. B. BRADSHAW,
Judge.

TUESDAY, JANUARY 9, 1912.

T. J. WILCOX died testate in October, 1896. In De-
cember following his will was admitted to probate, and
Mary E. Wilcox, his surviving spouse, appointed execu-
trix. In her report filed October 18, 1897, she elected to
take under the will, which read:

(2) After the payment of my debts, and the legal
charges against my estate, I hereby give, devise and be-
queath to my beloved wife, Mary Elizabeth Wilcox, in
lieu of dower, should she survive my decease, all of my
property, of every name and nature whether real, personal
or mixed, of which I may die seised and possessed, where-
ever the same may be situated, for her own individual use
and benefit for and during her natural life, with full power

and authority to my said wife to expend the whole of my net personal estate and the whole of the net income of said real property after payment of taxes for her support and benefit as she may desire.

(3) Subject to the foregoing provisions, and especially subject to the life estate and interest of my said wife in and to my said property all and singular, I hereby give, devise and bequeath the remainder of my estate in fee, real, personal or mixed at the death of my said wife, to my sons, daughters and grandson, Celia Ayrhart, nee Wilcox, Ira Wilcox, A. I. Wilcox, Emma Florence Wilcox and Jesse Wilcox (son of my deceased son Dwight Wilcox) share and share alike to each of them one-fifth of my said residuary estate.

Following were directions with reference to certain advancements and other conditions not necessary to be set out. In the above report, the executrix charged herself with the appraised value of the personal property left by deceased, amounting to $3,412.50, and reported the payment of $602.39 of debts and expenses of administration, leaving a balance of $2,810.11. A final report was filed May 17, 1898, from which it appears that executrix had paid a debt and expenses amounting to $1,196.61, leaving $1,613.50, but which the report computes at $1,000 less, making the net balance $613.50, and states there are some court costs she will pay, and, as the net balance was to be retained by her, prayed that she be discharged. The report was approved May 25th following, and her discharge as executrix entered. Mrs. Wilcox died intestate March 10, 1909, and J. C. Milner was appointed administrator of her estate June 1, 1909, and this action for the possession of a note and other property alleged to have belonged to her, all conceded to have been of the value of $3,200, was begun July 10th of the same year. That she was in possession of the property in controversy at the time of her death is not questioned. The defense interposed is that all of it belonged to the estate of her deceased husband and

passed under the will to the legatees entitled to the remainder after the termination of the life estate. The defendant, F. W. Brokhausen, purchased the interest of the legatees therein except intervener and as heirs of Mrs. Wilcox, and claimed the interest of the intervener, A. I. Wilcox, who joined the administrator in asking that the latter recover, by virtue of an instrument dated November 4, 1897, which recited that in consideration of the conveyance of certain property by defendant, Brokhausen, to him, said Wilcox "does grant and convey, release, and relinquish unto the said party of the second part his heirs and assigns, the following goods and chattels, rights, and interests, to wit: All my rights, claims and interests in and to the personal estae of my father, T. J. Wilcox, late of Tama county, Iowa, deceased, the same being an undivided one-fifth interest in and to said estate as granted to me by my said father's will, which said will is duly recorded in Will Book 4 on pages 77, 78 and 79 of the Probate Records of Tama County, Iowa, and I, the said A. I. Wilcox, by these presents do relinquish, grant, release and convey all my rights which I now possess or may hereafter acquire in and to said estate and that said rights and interests are hereby granted and conveyed to the said F. W. Brokhausen, his heirs, executors, or assigns, to have and to hold the same forever." The evidence disclosed that T. J. Wilcox resided on a farm with his son Ira, that each owned one-half the personalty and was entitled to one-half of the income and increase, and that from the time of his death, without disposing of the property, Mrs. Wilcox continued with this son under the same arrangement until her death. The petition and also the petition of intervention was dismissed. The administrator and intervener appeal.—*Reversed.*

*Tom H. Milner,* for appellants.

*Willett & Willett* and *S. C. Huber,* for appellee.

LADD, J.—The sole inquiry is whether the life tenant became owner, in her individual right, of the income from and increase of the bequeathed property. Though an estoppel was pleaded, the evidence was insufficient to sustain it, and the rulings on the admissibility of evidence to which exceptions were taken could have had no bearing on the result. The will of T. J. Wilcox, who departed this life in 1896, was duly admitted to probate, and by its terms gave to his widow Mary E., all his property "of every name and nature whether real, personal or mixed, of which I may die seised and possessed, wherever situated, for her own individual use and benefit for and during her natural life, with full power and authority to my said wife to expend the whole' of my net personal estate and the whole of the net income of said real property after payment of taxes for her support and benefit as she may desire." Subject to this clause, the third paragraph disposed of what might be left, share and share alike, to his four children and a grandson. Mrs. Wilcox became executrix, and, though she charged herself with the appraised value of the property bequeathed, she retained it and managed the same as her husband had done. After the debts of testator and the expenses of administration had been deducted from such appraised value, there remained $1,613.50. By a manifest error in computation, this was stated in the report to be $613.50; but beyond doubt she had left the amount in value first stated, and in discharging her as executrix there was no adjudication to the contrary. No amount was fixed in the entry of discharge to which she was entitled regardless of how much remained. Upon her death, the value of the personal property then in her possession was $3,200. Subsequently all the legatees, except the intervener, disposed of their interest therein to the defendant, Brokhausen, and he claims the share of intervener, A. I. Wilcox, by virtue of the purchase from him of his interest as legatee in testator's estate in 1897. Neither

the administrator nor the intervener questions the defendant's title to the property or such portion thereof as would have passed, but for the disposition to defendant, to the legatees under the will, but it is contended by them that all the income derived therefrom or increase thereof after testator's death belonged to Mrs. Wilcox as life tenant and should be distributed through the administrator of her estate.

In the absence of any limitation or restriction thereof, it is well settled that the increase of stock and the income from other property belonging to such an estate inures to the benefit of and is the individual property of the life tenant, and not of the remaindermen. *Gorham v. Billings,* 77 Me. 386; *Smith v. Van Ostrand,* 64 N. Y. 278; *Lewis v. Davis,* 3 Mo. 133 (23 Am. Dec. 698); *Hall v. Robinson,* 56 N. C. 348; *Johnson's Adm'r v. Johnson's Heirs,* 8 B. Mon. 470; *Strong's Executor v. Brewer,* 17 Ala. 706; 16 Cyc. 621.

1. ESTATES OF DECEDENTS: life estates: income and increase of property.

As appears from the last three of the cited cases, an exception seems to have been made in the case of slaves, as it was thought to be more consistent with the feelings of humanity that children born during tenancy for life should go with the mother to the owner in remainder after the particular estate had ended than that a separation should take place by an adherence to the rule applicable to the natural increase of other property. Even this exception does not appear to have been recognized in Delaware and Maryland. *Smith v. Milman,* 2 Har. (Del.) 497; *Bohn v. Hadley,* 7 Har. & J. (Md.) 257.

But appellee insists that the life tenancy created is restricted to such portion of the income and increase as may be used or appropriated by the widow. If so, then undoubtedly such portion of the income and increase as remained at her death would belong to the testator's estate. *Rittgers v.*

2. WILLS: construction: interest of live tenant.

*Rittgers,* 56 Iowa, 218; *Stuart v. Walker,* 72 Me. 145
(39 Am. Rep. 311). But the will can not be so construed.
The gift is "for her own individual use and benefit dur-
ing life," and not a word in the instrument limits or re-
stricts her right to such use and benefit. That the gift was
intended to be absolute is indicated by the power of aliena-
tion of the "net personal estate" being added as a separate
gift, thus recognizing that the use had been disposed of.
Moreover, the third clause does not purport to bequeath to
the remaindermen anything other than the portion of the
original estate which is left.

The district court was in error in holding that the
income from or increase of the property during the life
tenancy did not belong to the widow in her individual right.
As the value of the personal property left by testator less
debts and expenses of administration was $1,613.50, and
the value of that of which she was in possession at the
time of her death and which defendant appropriated was
$3,200, the latter must account for $1,586.50 as belonging
to her estate.

For the entry of such orders as may be necessary, in
view of the situation, to settle and distribute the estate,
the cause is remanded.—*Reversed.*