NETTIE A. BROWN, Executrix, Appellant, v. LOWELL BROWN et al., Appellees.

No. 41113.

FEBRUARY 9, 1932.

Clifford B. Paul, for appellant.

Rhinehart & McLaughlin, for appellees.

MORLING, J.—The will in question directs payment of debts, and then provides:

"Par. 2. All my property of whatever nature and wherever found I give, devise and bequeath to my wife, Elizabeth Brown, for her sole use and benefit for and during her natural life with full power to sell, convey and dispose of any and all of said property and to invest and re-invest the proceeds thereof and to use any and all of said property and the proceeds thereof and the income therefrom for and during her natural life for her maintenance, care and support."

The next paragraph gives the homestead to the daughter Nettie if upon the death of the widow it has not been disposed of; if disposed of, it gives to the daughter $5,000. The gift is on condition that the daughter remain with or near and care for the testator and his wife during their lives. It says, "I do not desire that my said daughter shall contribute any money or property to our support;" and in the event that the daughter does not comply with the condition, the homestead or the money is bequeathed to her and to the son equally. The will provides: "Subject to the above provisions made for my said wife and my said daughter all the rest, residue and remainder of my said property I give, devise and bequeath to my said daughter Nettie A. Brown and to my said son Elmo R. Brown, share and share alike." The bequest in favor of the wife is declared to be in lieu of all rights and interests which she would have had in the absence of will. The plaintiff's contention is that the bequest to the widow created a life estate in virtue whereof the income during her life belonged to the widow; that the power of sale was in addition to the life estate, and by it the widow was given "unlimited power during her lifetime to dispose of any and all property of said estate for any purpose, even without receiving value therefor, and to use and consume the same as she saw fit." In short, the appellant's contention is that unconsumed income was the property of the widow; that the widow might give away any of the property belonging to the estate, including such unconsumed income.

The purpose of construction is to ascertain and give effect to the intention of the testator. The will must be construed as an entirety, and effect given as far as possible to each provision. The several provisions should, so far as possible, be harmonized and made subservient to the testator's main purpose. The first clause of the second paragraph, standing alone, would create a life estate. The effect of the second clause, namely, "with full power to sell, convey and dispose of any and all of said property and to invest and re-invest the proceeds thereof," is to superadd the power of sale and to invest and re-invest the proceeds. But the entire bequest is not comprised in these two provisions. The bequest and power which would result from the first two provisions alone are qualified. The gift and the power are "to use any and all of said property and the proceeds thereof and the income therefrom for and during her natural life for her maintenance, care and support." The will contemplated that the daughter would "remain with or near my said wife and myself during our natural lives * * * and that she give to us and to the survivor such care and comfort as our age and state of health shall demand." It made provision, tentatively at least, for compensation by way of bequest to the daughter therefor. The will then provided that "subject to above provisions made for my said wife and my said daughter all the rest, residue and remainder of my said property I give" to the daughter and son, share and share alike. Decedent's main concern was for the maintenance, care, and support of his widow. The gift of the income as well as the power to sell and to invest and re-invest the proceeds was for that purpose. The Court is of the opinion that the will in its entirety shows the intention of the testator that his property and the proceeds of that which should be sold were to remain a part of his estate during the life of the widow, with power in her to appropriate the property and the proceeds and the income for her maintenance, care, and support. Any of the original estate or the proceeds or income not required for the maintenance, care, and support of the widow were on her death given to the daughter, or the daughter and the son, as the case might be.

It may be said that no two wills are exactly alike, and precedents, so far as the construction of language is concerned, are not of great value. See In re Estate of Proctor, 95 Iowa 172;

Rittgers v. Rittgers, 56 Iowa 218; Hamilton v. Hamilton, 149 Iowa 321; In re Cooksey's Estate, 203 Iowa 754, 759; Stuart v. Walker, 72 Me. 145, cited in Milner v. Brokhausen, 163 Iowa 560, 565; Gorham v. Billings, 77 Me. 386.

The Court is of the opinion that the power of disposition given to the widow is limited to the purpose of providing for her maintenance; that the widow had no power of disposition for any other purpose; that she had no power to make any gift of the original property or of its proceeds or income; that the unconsumed income is a part of the estate of Oliver S. Brown, and not of the estate of Elizabeth Brown. The District Court so held.—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, DE GRAFF, ALBERT, KINDIG, and GRIMM, JJ., concur.

EVANS, J., dissents.