Louis Luitjens et al., Appellants, v. Bertha Larson et al., Appellees.

No. 43672.

February 9, 1937.

W. E. Kahler, for appellees.

Powers & Gilchrist, for appellants.

Richards, C. J.—John Luitjens died testate on September 28, 1913. Omitting the merely formal portions the provisions of his will were the following:

"1st. It is my will and desire that all my just debts and funeral expenses be paid out of my estate as soon as can be conveniently done.

"2nd. I give, bequeath and devise all the rest, residue and remainder of my estate, real, personal and mixed of whatsoever kind and nature and wheresoever situated which I now own or which I may become possessed or die seized of, to my beloved wife Folline Luitjens to have and to hold the same for and during all the term of her natural life in fee simple.

"3rd. I hereby appoint my said wife Folline Luitjens the sole executrix of this my last will and testament and it is my desire that she be not required to give any Bond."

Folline Luitjens survived testator and as executrix administered his estate. The question presented on this appeal is

whether testator gave his wife Folline Luitjens an estate in his property which terminated with her life, as claimed by appellants, or an absolute estate, as asserted by appellees.

In seeking to ascertain what was the actual intention that a testator sought to express, the court will read his will as a whole, and each provision thereof in the light of all the other provisions. In re Schofield, 178 Iowa 1260, 160 N. W. 910. The court should also envision the situation and surroundings of the testator at the time of the making of the will. In re Dodge, 207 Iowa 374, 223 N. W. 106. But so far as is concerned the construction of the language of a will, precedents are not of great value because rarely are two wills exactly alike. Brown v. Brown, 213 Iowa 998, 240 N. W. 910. In argument appellants stress the words ''to have and to hold the same for and during all the term of her natural life'' found in the second paragraph, and ascribe to these words a clear indication of testator's intention to limit his wife's beneficial interest to the use and enjoyment of the property of the estate during her lifetime. To the adoption of such conclusion as to testator's intention appellants find no obstacle in the words ''in fee simple'' appearing in the same paragraph because, say appellants, these three words ''limit and describe the life estate; they characterize the life estate, say what kind of life estate it is to be; but whatever kind of life estate it is made by the use of these words, it is still a life estate.''

The words of a testator will be given their usual and ordinary signification unless by the terms of the instrument itself they appear to have been used in a more limited or technical sense. Benham v. Turkle, 173 Iowa 598, 153 N. W. 1017. It is appellees' contention that the ordinary and usual signification of the words ''in fee simple'', when found in deeds or wills, is designation of the character or quality of the title acquired by the grantee or beneficiary, the words being most commonly used to define the nature of the *estate* of the taker. Consequently, say appellees, such was the expectable use of the words ''in fee simple'' by this testator, because it was the usual and ordinary use. Appellees claim that it follows that an absolute estate in the beneficiary was indicated as testator's intention. Support for the proposition that this court will adopt a testator's expressed designation of the nature of the estate in property given a beneficiary is found in In re McCauley, 213 Iowa 262, 235 N. W. 738.

In that case this court recognized that a testator may in one part of the instrument make a gift of property in terms not purporting to be absolute, and effectively define the *estate* of the taker by other provisions of the same instrument. Concerning the will under consideration in that case the opinion says:

"Though the property to be taken was described the *estate* of the taker was not defined. The estate of the taker was therefore definable by other provisions of the will. Such has been our invariable holding."

In the McCauley case it was held that the portion of the will which defined the estate indicated testator's intention that the legatee should take as the beneficiary of a trust, rather than an absolute estate. In the will at bar it is our opinion that the testator expressed his intention, by the words he used, that the *estate* of the beneficiary was to be in fee simple, that is, absolute. There does not appear in the terms of the will sufficient to overcome the reasonableness and probability of this conclusion as to testator's actual intention. It seems rather a remote possibility that in the use of the words "in fee simple" testator was conscious of the intent ascribed to him by appellants, as above quoted. We fail to glean from the will or the circumstances surrounding testator anything that is persuasive that testator used the words "in fee simple" as descriptive of. a life estate. Nor is there necessarily repugnancy exhibited in this will, upon authority of Ironside v. Ironside, 150 Iowa 628, 130 N. W. 414, where it was held that a life estate was enlarged to a fee simple estate in a clause of the will making disposition of the remainder to the life tenant. See also McTigue v. Ettienne, 155 Iowa 450, 136 N. W. 229. In arriving at our conclusion there is no difficulty on account of any resulting disinheritance of children or direct descendants, because no child was ever born to testator. Although the phrase "to have and to hold the same for and during all the term of her natural life" standing undefined might indicate intention to devise a life estate, yet these words are not in themselves as inconsistent with intention to devise an absolute estate as might have been the case had the phrase described use and income. Nor is doubt cast upon our conclusion by any devise of any remainder to persons other than testator's wife.

Appellants further contend that even though the words "in

fee simple'' were not intended to describe the character of a life estate devised to testator's wife, yet the will should not be construed as evidencing testator's intent to vest his wife with an absolute estate. In lieu thereof appellants say it should be held that it was testator's intent to give his wife a life estate with the added power of disposal. Appellants urge that such suggested construction should be adopted because it would be in compliance with the rule of construction that, if possible, effect should be given to every portion of a will. But this like other rules of construction are but aids in arriving at the true meaning of a will and must give way when their adoption would subvert testator's expressed intent. Appellants cite cases from other jurisdictions as well as our own opinions in which this court has recognized that disposition of property in the manner suggested by appellants may be made by a testator. But we fail to find in these authorities, or in the rule of construction mentioned, that which warrants any subtraction from testator's evident intent to define his wife's estate as something absolute.

The decree of the district court is affirmed.—Affirmed.

KINTZINGER, PARSONS, HAMILTON, ANDERSON, SAGER, and DONEGAN, JJ., concur.