T. J. WHITEHILL, Administrator, Appellant, v. JOHN K. WHITE-HILL, Appellee.

No. 39761.

DECEMBER 9, 1930.

*Stephens & Thornell,* for appellant.

*William A. Turner,* for appellee.

STEVENS, J.—Sarah Whitehill, surviving spouse of Thomas R. Whitehill, died in November, 1927. By the will of her husband, which was duly admitted to probate, she was given "all the real estate and personal property that I may own at the time of my death wherever the same may be situated, she to have the use, benefits and rents from the same during her lifetime, it being my intention to give her a life estate in all of my property only." The remainder, the will devised to John K.

Whitehill, appellee herein. Sarah K. Whitehill elected to take under the will.

Thomas R. Whitehill died testate, as stated, December 5, 1921. During the period intervening between the death of the husband and wife, the wife resided upon the 80-acre tract which constituted the bulk of the husband's estate. The petition alleges that, during all of said time, appellee was in the possession of the said premises, renting and farming the same, and collecting the rents, income, and profits therefrom. It is also charged in the petition that Sarah Whitehill was possessed of $500, which was invested, of which investment appellee has knowledge. The petition further alleges that appellee declines and refuses to account for the income and profits from the estate during the existence of the life estate and to give information concerning the $500 item. The prayer of the petition is for an accounting.

As stated, appellee appeared, and filed a motion to strike parts of the petition, and to dismiss the action upon the ground that it appeared upon the face of the pleading that it did not state a cause of action. Both motions were sustained, as we understand the finding and judgment of the court, upon the theory that all of the property, including the income and profits of the life estate, passed, under the residuary clause of the will, to appellee. There can be no doubt that, ordinarily, where a life estate only is devised, the life tenant is entitled to receive and retain the income therefrom, and that, in the absence of the expression of a contrary intent by the testator, such income and profits will belong to the estate of the life tenant. *Koep v. Koep,* 146 Iowa 179; *Milner v. Brokhausen,* 153 Iowa 560. See, also, annotation appended to *First Nat. Bank v. Mulholland,* 13 A. L. R. 1004. None of the cases cited by appellee are in conflict with this rule. For cases from other jurisdictions, see *Vawter v. Frame,* 48 Ind. App. 481 (96 N. E. 35) ; *Letterle's Estate,* 248 Pa. St. 95 (93 Atl. 935) ; *Ellis v. Flannigan,* 279 Ill. 93 (116 N. E. 618).

We find nothing in the will of Thomas R. Whitehill, indicating an intention on his part to dispose of the rents, income, and profits of the life estate to the residuary legatee. The will in express language carefully limits the devise to the wife to a life estate. The language of the instrument makes perfectly clear his intention that his surviving spouse should not take the

fee. The testator did not, however, attempt in any way to dispose of the income and profits of the life estate. In all of the cases cited by appellant (to wit, *In re Estate of Proctor*, 95 Iowa 172; *Webb v. Webb*, 130 Iowa 457; *In re Estate of Beaty*, 172 Iowa 714; *Olson v. Weber*, 194 Iowa 512; *Iowa City State Bank v. Pritchard*, 199 Iowa 676; *In re Estate of Cooksey*, 203 Iowa 754), it will be found that the instrument involved therein in clear and unmistakable terms expressed the intent of the testator to limit the life estate to such portions of the property or income as the life tenant found it necessary or desirable to use or dispose of. No such intent is expressed in the will we are discussing.

We know of no reason why appellee, if he has knowledge of the $500 item referred to in the petition, where it is invested, and in what, should not impart such information to the administrator of his mother's estate, or to the court. The petition does not, in terms, charge that appellee is in the possession of said $500, but the allegations are sufficient upon which to base an inquiry as to his knowledge thereof. Perhaps the allegations of the petition do not bring the $500 item within the usual scope of an action for an accounting, and none will be required by him if he is not liable therefor. The matter might as well all be disposed of in one action.—*Reversed*.

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.